IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| The A.R.C. HOUSE, a non-profit corporation, and JOHN WISLOSKY and HARRY WERTZ, on their own behalf and on behalf of all others similarly situated, : : : : : : : : Plaintiffs : : v. : : : ALLEGHENY COUNTY, : PENNSYLVANIA, the ALLEGHENY : COUNTY JAIL OVERSIGHT BOARD : and the HONORABLE DONNA JO : McDANIEL, Chairperson of this Board : and Administrative Judge of the Criminal : Division of the Court of Common Pleas : of Allegheny County, : : Defendants. : | C.A. No.<br><br>Class Action<br><br>Jury Trial Demanded<br><br><br>Filed electronically |

**Complaint**

I.  **Preliminary Statement**

The A.R.C. House, a facility serving the needs of recovering alcoholics for the past forty years, and its residents seek relief from present and threatened harm caused by the conduct of the Defendants in violation of rights secured by the Due Process Clause of the 14th Amendment to the United States Constitution and the federal Fair Housing Act. Defendants have deprived A.R.C. House of its property interest as an approved alternative housing facility for those who would otherwise be imprisoned in the Allegheny County Jail without providing notice and an opportunity to be heard so as to prevent an erroneous deprivation. By their conduct Defendants have additionally denied and are threatening to deny present and prospective disabled residents of A.R.C. House

with the opportunity to reside in housing of their choice in the community. Plaintiffs seek declaratory, injunctive and monetary relief.

## II.   Jurisdiction

1.   Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) in that this is an action arising under 42 U.S.C. § 1983, which provides for redress from deprivations under color of state law, ordinance, regulation, custom, or usage of rights secured by the Constitution and laws of the United States, and 42 USC § 3613, which authorizes private actions to enforce the federal Fair Housing Act.

## III.   Parties

2.   The A.R.C. House is a non-profit corporation under the laws of the Commonwealth of Pennsylvania with its principal offices located at 800 East Ohio Street, Pittsburgh, PA 15212.

3.   Plaintiffs John Wislosky and Harry Wertz are adult, disabled residents of the A.R.C. House who rely on this facility for shelter and services necessary to their recovery from alcoholism.

4.   Defendant Allegheny County (hereafter "County") is a political subdivision of the Commonwealth of Pennsylvania which operates programs of partial enforcement and intermediate punishment, for which it receives funding through this Commonwealth, including alternative housing. It is responsible to establish and administratively support a County Jail Oversight Board the duties of which include the operation of the county jail and all alternative housing facilities. At all times relevant

2

hereto, the defendant Allegheny County, was acting by and through its duly authorized agents, and/or employees, who were then and there acting within the scope and course of their employment and under color of state law.

5. Defendant Allegheny County Jail Oversight Board is an agency of Allegheny County responsible for the operation of alternative housing facilities. At all times relevant hereto, the defendant Allegheny County Jail Oversight Board, was acting by and through its duly authorized agents, and/or employees who were then and there acting within the scope and course of their employment and under color of state law.

6. Defendant Judge Donna Jo McDaniel is the chairperson of the County Jail Oversight Board and Administrative Judge of the Allegheny County Court of Common Pleas Criminal Division. She is sued in her administrative capacity.

**IV.     Class Action Allegations**

7. The individual named plaintiffs bring this suit pursuant to Fed.R.Civ.P. 23(a) and (b)(2) on their own behalf and on behalf of all alcoholics who reside, will reside or who seek to reside in the A.R.C. House in order to obtain shelter and services necessary to their recovery from alcoholism.

8. This is a proper class action in that:

(a) The class is so numerous that joinder of all members is impractical. There are currently 28 residents of the A.R.C. House who are threatened with the loss of their shelter and needed services. But for the actions of the Defendants numerous additional alcoholics in need of shelter and recovery services would reside and obtain services in the A.R.C. House.

3

(b)  There are questions of law and fact involved in this suit which are held in common by all members of the class.  These include, but are not limited to, whether the Defendants have failed or refused to make reasonable accommodations in their rules, policies, practices or services, when such accommodations may be necessary to afford the residents of the A.R.C. House the opportunity to reside in a dwelling, specifically the A.R.C. House.

(c)  The claims of the named Plaintiffs are typical of those of the class and they will fairly and adequately protect the interests of the class.

(d)  The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief and corresponding declaratory relief on behalf of the class as a whole.

## V.  Factual Allegations

9.  A.R.C. House has provided necessary shelter and services for recovering alcoholics since 1966.  During these years many, if not most, of the A.R.C. House residents have, immediately prior to receiving treatment or recovery services, engaged in criminal conduct symptomatic of this disease.

10.  Pennsylvania law allows non-violent criminal offenders who are alcoholics, or have other special needs, to reside and receive services in community facilities as an alternative to jail.  One of the principal purposes of the Pennsylvania County Intermediate Punishment Act is to "provide opportunities for offenders who demonstrate special needs to receive services which enhance their ability to become contributing members of the community." (42 Pa.C.S. § 9803(4)).

4

11. A.R.C. House has received referrals from the Court and Jail officials for most of its existence. It has since at least 1991 been officially designated by the County as an "Approved Alternative Housing/Work Release Facility."

12. Non-violent offenders have been routinely offered the opportunity to select an alternative housing/work release facility from a list of approved facilities in lieu of serving a sentence in the Allegheny County Jail.

13. The approved alternative housing/work release facilities are subject to regulations issued by the Allegheny County Jail. Jail officials conduct periodic inspections of these facilities and have directed program modifications and/or physical improvements when deemed appropriate.

14. The A.R.C. House has recently spent approximately $300,000 to improve its principal facility, largely at the direction of Jail officials.

15. Although Allegheny County has contracts with certain alternative facilities to provide treatment services, it regards all approved alternative housing facilities to be under an agreement with it to follow published rules in return for receiving offender referrals.

16. The Commonwealth of Pennsylvania through its Commission on Crime and Delinquency has additionally published minimum standards for approved intermediate punishment program facilities including work release programs (37 Pa.Code § 451.124), halfway facilities, which "may be utilized for the reintegration of offenders into the community following confinement or as an alternative form of partial confinement in lieu of traditional confinement." (37 Pa. Code § 451.116) and residential rehabilitative center programs (*ibid.*).

5

17. The A.R.C. House has consistently met the above regulations issued to it and the above minimum standards.

18. Nevertheless, in early 2005 an administrative decision was made by a committee of the Common Pleas Court Criminal Division and/or the Administrative Judge of this Division to remove the A.R.C. House from the list of Approved Alternative Housing/Work Release Facilities. As a result, eligible offenders were no longer permitted to select the A.R.C. House as alternative housing and referrals by the Court or Jail largely ceased.

19. No notice of reasons or opportunity to object to this action was provided to the A.R.C. House either prior to this decision or afterward.

20. At some point on or about August 10, 2005, after a due process and Fair Housing Act objection was communicated to the Criminal Division Administrative Judge, the A.R.C. House was added back to the list of Approved Alternative Housing/Work Release Facilities. Criminal Division judges, however, were instructed by the Division's Administrative Judge not to use the A.R.C. House without her further approval, which has not been given.

21. In addition to the objection referenced in the previous paragraph, information was requested on the particular problems claimed to involve the A.R.C. House in order to permit any such deficiencies to be satisfactorily addressed, and permit the continued operation of this facility on behalf of its disabled residents. No response to this request has been provided.

22. As a result of Defendants' conduct, the A.R.C. House has lost income, had to lay off staff, defer payment on debt service and expenses and borrow additional funds

6

to continue to operate. The number of residents it serves per day has gone from an average of 150 in the recent past to 28 at this time. As such, it cannot continue to operate.

23. Plaintiffs Wislosky and Wertz are each dependent on the A.R.C. House for shelter and alcoholism recovery services. But for A.R.C. each would be homeless and without the structured services required to manage their disability. They fear serious irreparable consequences should A.R.C. be forced to close. In Wislosky's case, this includes death.

24. There is no adequate remedy at law.

## VI. Causes of Action

### A. The Fourteenth Amendment to the United States Constitution

The Defendants by their acts and failures to act in removing, delisting, and/or in otherwise disapproving the A.R.C. House as an alternative housing facility without providing the A.R.C. House with notice of its alleged deficiencies and an opportunity to respond to this notice as required by the due process clause of the Fourteenth Amendment to the United States Constitution have acted contrary to this Amendment.

### B. The Federal Fair Housing Act

The Defendants by their acts and failures to act in failing or refusing to make reasonable modifications to their rules, policies, practices or services, when such modifications may be necessary to afford present and prospective residents of the A.R.C. House an equal opportunity to use and enjoy occupancy in the A.R.C. House, have

7

violated the rights of each of the Plaintiffs as provided by the Fair Housing Act, as amended, 42 USC § 3601 *et seq.* and specifically § 3604(f)(3)(B).

**VII.     Prayer for Relief**

Wherefore, the A.R.C. House and John Wislosky and Harry Wertz, on their own behalf and on behalf of all others similarly situated, pray that this Court, as authorized by 42 USC §§ 1983 and 3613:

1. assume jurisdiction over this action;
2. enter an order certifying that this action may proceed as a class action;
3. enter a preliminary and permanent injunction which:

    *a)* enjoins the Defendants from continuing to bar placements to the A.R.C. House as an Approved Alternative Housing Facility unless and until it has provided the A.R.C. House notice of the reasons for any such action and an opportunity to respond as required by the due process clause of the United States Constitution; and

    *b)* enjoins the Defendants from failing or refusing to make reasonable modifications to its rules, policies practices or services as necessary to allow present and prospective residents of the A.R.C. House the opportunity to occupy this facility;

4. enter a judgment which declares that the Defendants' acts and failures to act are contrary to the rights of the A.R.C. House under the United States Constitution and all of the Plaintiffs under the Federal Fair Housing Act;

5. grant Plaintiffs monetary relief including, but not limited to, compensatory damages, their costs and attorneys fees; and

6. grant such additional relief as is just and proper.

/s/Donald Driscoll
Donald Driscoll
Pa. I.D. #21548
Community Justice Project
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219
phone: (412) 434-6002
fax: (412) 434-5706
email: dondriscoll@earthlink.net

/s/Timothy O'Brien
Timothy O'Brien
Pa. I.D. #22104
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219
phone: (412)232-4400
fax: (412) 232-3730
email: tpob@icubed.com

9